Paul A. Argentieri, Esq. Village Attorney, Canaseraga
I am writing in response to your request for an opinion as to the compatibility of the offices of town tax collector and village trustee. According to your letter, a trustee of the Village of Canaseraga is also serving as town tax collector for the Town of Burns. The Village of Canaseraga is within the Town of Burns.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
Village Law, § 3-300 provides the compatibility standard for village officials:
 "Except as is otherwise provided by law, no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office."
The question then becomes whether the duties of town tax collector would interfere or be inconsistent with the duties of village trustee as prohibited by section 3-300.
In the past, we have found that town board members cannot serve as village trustees because of the inevitable conflict that arises when the town board decides the advisability of exempting property within the village from certain highway taxes (Highway Law, §§ 141, 277; 1980 Op Atty Gen 119). An individual holding both of these positions would be forced to subordinate one of his official interests in the course of making any policy decisions that involved both municipalities. For these reasons we found the offices incompatible.
The town tax collector, however, is not involved in determining the advisability of town tax policies. The collector's duties are merely to collect taxes at the direction of the town board (Town Law, § 35). Thus, there is no opportunity for the conflict or subordination of interests as in the case of town board members. Furthermore, unlike the provisions for town receiver of taxes and assessments (id., § 37), there is no provision in the Town Law prohibiting the tax collector from holding another elective public office.
In our view, the same person may hold simultaneously the public offices of village trustee and town tax collector.